### GUS SHULTZ v. CITY OF GALVESTON.

#### (No. 2671.)

APPEAL from Galveston County.   Opinion by HURT, J.

JOHN LOVEJOY and ALEX. SAMPSON, counsel for appellant.

GEO. P. FINLAY, counsel for appellee.

§ **438.** *Notice to a municipal corporation; notice to clerk not notice to corporation; case stated.* The city of Galveston was indebted to one Skinner in the sum of $125. Skinner transferred said indebtedness to appellant by an order drawn upon the city clerk of date September 30, 1885. In November, 1885, Hennesey sued Skinner for $69.85, and caused a writ of garnishment to be issued and served on the city. One Mason also sued

Skinner for $58.32 and caused the city to be garnished. In both garnishments judgments were rendered against the city. In April, 1886, appellant sued the city in justice's court to recover said $125. In justice's court he recovered judgment against the city for $12.21. He appealed to the county court, where judgment was rendered for the city that he take nothing and pay costs. *Held:* There is but one question presented by the record. Appellant contends that the city had notice of the transfer to him by Skinner of the claim due by the city to Skinner, and should have protected him in the garnishment proceedings; and, having failed to do so, is responsible to him for the debt. In suits against a municipal corporation citation may be served on the mayor, clerk, secretary or treasurer thereof; but this provision of the law is for a particular, specified purpose, and cannot be extended to all notices or information required to be given the corporation which may grow out of transactions between other parties and such corporation. [Wade on Notice, 1312, 1313.] The mayor is the proper officer to be notified in such transactions, and the corporation is not affected by the knowledge of, or notice to, the clerk of the facts. Appellant contends that the following facts constituted notice to the mayor, or were sufficient to put him upon inquiry, and were therefore equivalent to notice, to wit: The city of Galveston not having been in a financial condition, for a number of years previous to the transaction in question, to meet promptly its current expenses and liabilities, a custom had grown up among the employees of, and others holding money demands against, the city, of giving orders on the city clerk in favor of persons with whom they would negotiate their claims against the city for the amount of their claims; and, in order to facilitate this business, the city clerk had made a book containing a form for these orders, with a stub attached for noting thereon the name of the party to whom the order was given, the date, amount, and by whom the order was drawn; and persons desiring to give

such orders would go to the clerk, and he would fill out the form and stub and place a stamp that he used to authenticate his official acts upon the face of the order, and it would then be delivered to the drawer, who would sign and deliver it to the person for whom it was procured. All this was done, as far as the evidence shows, without the knowledge or sanction of either the mayor or city council, or any member of the council; and there was never passed any ordinance or resolution by the city council authorizing or sanctioning it being done; and it was assumed to be done by the city clerk, as far as he had anything to do with it, purely upon his own responsibility, and altogether as a matter of accommodation on his part to the employees of the city and others holding claims against the city. *Held:* The above facts do not constitute notice, actual or constructive, to the mayor of the fact that Skinner had transferred said claim to appellant. It was not incumbent upon the mayor, although he may have had knowledge of said custom, to inquire as to whether said particular claim or debt had been transferred by Skinner. [Hayden v. Turnpike Co. 10 Mass. 402.]

March 9, 1889.                                   Affirmed.